IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRED MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:23-CV-2199-N-BH |
| | ) |
| PAROLE BOARD, | ) |
| | ) |
| Defendant. | ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)*, filed October 6, 2023 (doc. 5), should be **DENIED**, and the case should be dismissed for failure to prosecute or comply with court orders.

**I. BACKGROUND**

On October 6, 2023, the plaintiff filed this lawsuit alleging that he was falsely arrested and imprisoned for a parole violation for three weeks, and he sought leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.) By *Order* dated October 10, 2023, he was notified that his IFP application reflected enough assets with which to pay the $402 filing fee, and he was ordered to pay it within fourteen days. (*See* doc. 6.) The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed IFP be denied, and that the case be dismissed. *Id.* On October 16, 2023, the plaintiff filed a three-sentence response questioning the income reflected in the order. (*See* doc. 7.) A *Second Order to Pay Filing Fee*, filed on October 19, 2023, explained that the income reflected in the order came directly from his sworn IFP application. (*See* doc. 8.) It advised him that he had still not shown he would suffer undue financial hardship if

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

required to pay the full filing fee, and that he was required to pay it by the original deadline set in the October 10, 2023 order. (*See id.*) The order again specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed IFP be denied, and that the case be dismissed. (*Id.*)

More than fourteen days from the date of the October 10, 2023 order have passed, but the plaintiff has not paid the filing fee, and he not filed anything else in this case since the second order of October 19, 2023.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The plaintiff's application shows an average monthly income for him and his spouse of $45,600 over the past year, expected spousal income of $1800 next month, total monthly expenses of $1256, and $650 in cash. In assessing a plaintiff's financial ability, courts may consider the total monetary resources available to the plaintiff, and "it is appropriate to consider a spouse's income." *Muhammad v. Louisiana Attorney Disciplinary Board, et al.,* No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see e.g., Montiel v. Wyndham Anatole Hotel,* No.3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3360 and &700 in a bank account); *Mann*

*v. Frank,* No. 90-1122-CV-W-5, 1992 WL 219800, at *3-4 (W.D. Mo. Sept. 2, 1992) (considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition); *Monti v. McKeon,* 600 F. Supp. 112, 114 (D. Conn. 1984) (request to proceed on appeal in forma pauperis denied where plaintiff was supported by her spouse and spouse was able to pay costs); *Auffant v. Paine, Webber, Jackson & Curtis, Inc.,* 538 F. Supp. 120, 1202 (D.P.R. 1982) (court should consider overall financial situation of applicant as well as assets and liabilities of spouse); *Williams v. Spencer,* 455 F. Supp. 205, 209 (D. Md. 1978) ("The question under 28 U.S.C. § 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on a litigant's actual ability to get funds from a spouse . . .").

The plaintiff's application shows that his and his spouse's total monthly income exceeds monthly expenses by more than $500, and they have $650 in a bank account. He has not shown that he will suffer undue financial hardship after payment of the $402.00[2] filing fee, and his IFP motion should be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff

---

[2] tA $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

3

failed to comply with two orders to pay the filing fee. He has not filed anything else in the case since the second order was issued. The orders both specifically warned that failure to pay the filing fee would result in a recommendation that leave to proceed IFP be denied, and that the case be dismissed. Because the plaintiff failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

## IV.  RECOMMENDATION

The plaintiff's IFP motion should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he pays the filing fee within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 30th day of October, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                              IRMA CARRILLO RAMIREZ
                                                          UNITED STATES MAGISTRATE JUDGE